IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE**, a minor, by **JOHN DOE**, and **SUSAN DOE**, her parents and natural guardians,<br><br>Plaintiffs,<br><br>v.<br><br>**NORTH ALLEGHENY SCHOOL DISTRICT**, **DR. PATRICIA P. GREEN**, in her individual capacity and as Superintendent of Schools, **DR. LAWRENCE A. BUTTERINI**, in his individual capacity and as Principal, **WALTER E. SIEMINSKI**, in his individual capacity and as Assistant Principal, **WILLIAM H. YOUNG**, in his individual capacity and as Assistant Principal, and **BILL STOOPS**, in his individual capacity and as Head of Security,<br><br>Defendants. | 2:08cv1383<br>**Electronic Filing** |

**MEMORANDUM OPINION**

September 28, 2009

**I.   INTRODUCTION**

Jane Doe, a minor, by John Doe and Susan Doe, her parents and natural guardians ("Plaintiffs"), filed a four (4) count complaint against the North Allegheny School District (the "District"), Dr. Patricia P. Green ("Dr. Green"), Superintendent of Schools, Dr. Lawrence A. Butterini ("Dr. Butterini"), Principal, Walter E. Sieminski ("Sieminski"), Assistant Principal, William H, Young ("Young"), Assistant Principal, and Bill Stoops ("Stoops"), Head of Security (the "Individual Defendants")(collectively with the School District "Defendants"). Plaintiffs allege the following: (1) a claim under 42 U.S.C. § 1983 for violation of Jane Doe's rights under the Fourteenth Amendment to the Constitution of the United States; (2) a claim under Article 1, section 1 of the Pennsylvania Constitution; (3) a claim that the School District and the Individual Defendants violated Jane Doe's rights under 20 U.S.C. § 1681, Title IX; and (4) a claim that the School District violated Jane Doe's rights under Title IX.  Defendants have

filed a motion to dismiss, Plaintiffs have responded and the motion is now before the Court.

II.  STATEMENT OF THE CASE

Jane Doe met James Roe ("Roe") during her ninth grade year while attending North Allegheny Intermediate High School. Complaint ¶ 23.  Doe continued her acquaintance with Roe in subsequent years while they attended North Allegheny High School. Complaint ¶¶ 23 and 25.  Plaintiffs contend that, prior to attending North Allegheny High School but while a student in the School District, Roe committed two (2) sexual assaults.  Complaint ¶ 24.

On April 28, 2006, during sixth period of the school day, Roe forced Jane Doe to perform oral sex and forced her to engage in sexual intercourse in a parking lot at North Allegheny High School.  Complaint ¶ 25.  Plaintiffs allege that the School District and its officials and employees acted with deliberate indifference toward Jane Doe's safety and bodily integrity by permitting students to roam school property during the school day with minimal or no supervision and by allowing Roe to remain in the student population despite his alleged involvement in prior sexual assaults. Complaint ¶ 22.

III.  LEGAL STANDARD FOR MOTION TO DISMISS

In deciding a motion under Rule12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).  It had long been part of the Rule 12(b)(6) standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41,45-46 (1957).  Recently, however, the United States Supreme Court disavowed the "no set of facts" language as part of the Rule 12(b)(6) standard, instructing: "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by  showing

any set of facts consistent with the allegations in the complaint." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 167 L. Ed. 2d 929 (2007). Therefore, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S. Ct. at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

The Court of Appeals for the Third Circuit summarized the *Twombly* formulation of the pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d at 234 (internal citations omitted). In so deciding, a court usually looks "only to the facts alleged in the complaint and its attachments without reference to other parts of the record," *see Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994), but it also may consider "matters of public record . . . and undisputedly authentic documents attached to a motion to dismiss." *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

Further, The Supreme Court reaffirmed that Fed. R Civ. P. 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" and that this standard does not require "detailed factual allegations." *Twombly*, 127 S. Ct. at 1964. Rule 8 requires a showing, rather than a "blanket assertion, of entitlement to relief." *Id.* at 1965 n.3. The factual allegations of the complaint must be enough to "raise a right to relief above the speculative level." *Id.* at 1965 and n.3.

**IV.   DISCUSSION**

   A.   <u>Jane Doe's Section 1983 Claim</u>

Defendants argue that: (1) Jane Doe's § 1983 claim against the Individual Defendants

3

are subsumed by the Title IX claim; and (2) Plaintiffs have failed to state a § 1983 claim against the Individual Defendants.  The Court disagrees and the § 1983 claim survives the motion to dismiss.

Defendants argue that Rachel's § 1983 claims, which arise out of the same conduct that forms the basis of her Title IX claim, are "subsumed" by Title IX and otherwise barred by the doctrine set forth in *Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1 (1981).  In *Sea Clammers*, the Supreme Court held that "when a state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirement of that enforcement procedure may not be bypassed by bringing suit directly under § 1983."  *Id.* at 20 (internal quotation omitted).  The Third Circuit Court of Appeals has applied this rule to hold that Title IX claims subsume Section 1983 constitutional claims against school districts and state officials acting in their official capacities. *See Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d 779, 789 (3d Cir. 1990), overruled by *Fitzgerald v. Barnstable Sch. Comm.*, 129 S. Ct. 788, 172 L. Ed. 2d 582 (2009); *see also Williams v. Sch. Dist. of Bethlehem*, 998 F.2d 168, 176 (3d Cir. 1993), *cert. denied*, 510 U.S. 1043 (1994).

The Third Circuit's extension of the *Sea Clammers* doctrine to preclude concurrent Title IX and Section 1983 claims, however, was recently overruled by the U.S. Supreme Court's decision in *Fitzgerald v. Barnstable School Committee*, 129 S. Ct. 788, 172 L. Ed. 2d 582 (2009). There, the Supreme Court unanimously held that Title IX does not preclude an accompanying Section 1983 action alleging unconstitutional gender discrimination in schools. *Id.* at 795-797. The *Fitzgerald* Court found that, because Title IX's only express enforcement mechanism is an administrative procedure resulting in the withdrawal of federal funding from noncompliant institutions, it must be concluded that "Title IX was not meant to be an exclusive mechanism for addressing gender discrimination in schools, or a substitute for § 1983 suits as a means of enforcing constitutional rights." *Id.* at 797. Defendants motion to dismiss Plaintiffs' § 1983 claim as subsumed by the Title IX claim will be denied.

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . .

42 U.S.C. § 1983.  While § 1983 is not itself a source of substantive rights, *Baker v. McCollan*, 443 U.S. 137 144 n.3 (1979), the statute provides a remedy for violations of constitutional rights where the alleged violation was committed by a person acting under the color of state law. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

To establish a prima facie case under § 1983, a plaintiff must show that the action occurred "under color of state law" and that the action deprived the plaintiff of a constitutional right or a federal statutory right. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  The initial question in a Section 1983 action, then, is whether the plaintiff has alleged a deprivation of a constitutional right.  *See Donahue v. Gavin*, 280 F.3d 371, 378 (3d Cir. 2002) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Defendants, though, argue that Plaintiffs have failed to plead that a policy, practice or custom played an affirmative role in bringing about the alleged sexual assault.  Plaintiffs must do more than show the Defendants could have averted her injury and failed to do so. In order to establish liability a plaintiff must demonstrate both that the a policy, practice, or custom played an affirmative role in bringing about the sexual abuse and that the defendant acted with deliberate indifference to that abuse. In order to establish deliberate indifference on the part of a defendant, "something more culpable [must be shown] than a negligent failure to recognize [a] high risk of harm" to plaintiffs. *Colburn v. Upper Darby*, 946 F.2d 1017, 1025 (3d Cir. 1991).

In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court held that a municipality may be liable under § 1983 where its policymakers made "a deliberate choice to follow a course of action . . . from among various alternatives," (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483-484 (1986) (plurality op.)), and the policy chosen "reflects deliberate indifference to the constitutional rights of [the city's] inhabitants." *City of Canton v. Harris*, 489 U.S. at 391. *See also Stoneking v. Bradford Area School Dist.*, 882 F.2d 720, 725 (3d Cir. 1989). The Due Process clause of the Fourteenth Amendment protects the people from the arbitrary deprivation of life, liberty, and property, without due process of law" by state governments. *Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1993). The Supreme Court recognizes the Due Process Clause as a limitation on government power. *Id.* It is well-settled law that, under the Constitution alone, a state has no duty to protect its people from violence at the hands of private actors. *Id.* at 197; *Bright v. Westmoreland County*, 443 F.3d 276, 284 (3d Cir. 2006). Therefore, because Roe was a "private actor", Defendants argue that Plaintiffs' due process claim fails.

Although a state is not constitutionally required to provide its population with protection from third parties, a state may not, without risking liability, take affirmative action that renders its citizens more vulnerable to harm than they would have been had the state not acted at all. *See Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. at 201. In order to establish a Fourteenth Amendment violation based upon a "state-created danger" theory, Plaintiffs must show:

(1) the harm ultimately caused was foreseeable and fairly direct;

(2) a state actor acted with a degree of culpability that shocks the conscience;

(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

(4) a state actor affirmatively used his or her authority in a

6

>   way that created a danger to the citizen or that rendered
>   the citizen more vulnerable to danger than had the state
>   not acted at all.

*Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. Pa. 2006).

The question in this instance is whether any of the Individual Defendants took affirmative action, using their authority to render Jane Doe more vulnerable than she would have been had the School District not acted at all. Plaintiffs alleged that the Individual Defendants failed to implement and enforce the security/safety policies and security procedures enacted to protect students from students who are known to be prone to violent, sexually aggressive and/or criminal behavior. Before the factual record is developed, however, the Court must only decide if there are facts that Plaintiffs could prove to establish liability. At this point in the litigation, therefore, the Plaintiffs have pled sufficient facts to support their cause of action under § 1983.

    B.    <u>Plaintiffs' Claim for Violation of the Pennsylvania Constitution</u>

The Plaintiffs allege that the Defendants denied Jane Doe her right to bodily integrity under both the United States Constitution and Article 1, section 1 of the Pennsylvania Constitution. The analysis is the same under both constitutions *Pa. Game Comm'n v. Marich*, 666 A.2d 253, 255 n.6 (Pa. 1995). Therefore, based on the above analysis, the Court will deny the motion to dismiss the claim under the Pennsylvania Constitution[1].

    C.    <u>Plaintiffs Title IX Claims</u>

At Counts Three and Four of their Complaint, Plaintiffs allege violation of Jane Doe's rights under Title IX for allegedly permitting student-on-student sexual harassment. The allegations in Count Three are made against the School District and the Individual Defendants, while Count Four, which alleges a failure to remedy a sexually hostile environment, is made

---

[1] Plaintiffs concede that no monetary damages are authorized for a violation of the Pennsylvania Constitution. *See R.H.S. v. Allegheny County Dep't of Human Servs., Office of Mental Health*, 936 A.2d 1218, 1226 (Pa. Commw. 2007). However, Plaintiffs claim they are also seeking declaratory relief under the Pennsylvania Constitution, therefore, the Court will allow the claim to move forward.

against the School District only. Title IX provides that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance . . . .

20 U.S.C. § 1681(a). Title IX encompasses sexual harassment of a student and is enforceable through an implied private right of action for money damages against a school district. *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 75-76 (1992); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 283-284, 288 (1998). This implied right of action permits recovery for student-on-student sexual harassment under "certain limited circumstances . . . ." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 643 (1999). Moreover, the enforcement power of Title IX may be exercised only over the recipient of federal funds, and liability for damages under Title IX has not been extended to parties outside the scope of that power. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. at 640-641. The Title IX allegations against the Individual Defendants, therefore, must be dismissed as a matter of law.

To prevail against the School District in their claim of student-on-student sexual harassment under Title IX, Plaintiffs must show that (1) the School District received federal funds; (2) sexual harassment occurred; (3) the harassment occurred under "circumstances wherein the [School District] exercise[d] substantial control over both the harasser and the context in which the . . . harassment occurred"; (4) the [School District] had "actual knowledge" of the harassment; (5) the [School District] was "deliberately indifferent" to the harassment; and (6) the harassment was "so severe, pervasive, and objectively offensive that it [could] be said to [have] deprive[d] the victims of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. at 645, 650.

The School District contends that Plaintiffs fail to show either the District's actual knowledge of the pervasive student-on-student sexual harassment or deliberate indifference by the School District. Plaintiffs respond that the School District had actual knowledge that Roe had committed two previous sexual assaults while a student in the District.

"An educational institution has 'actual knowledge' [or 'actual notice'] if it knows the

8

underlying facts, indicating sufficiently substantial danger to students, and was therefore aware of the danger." *Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 361 (3d Cir. 2005) (quoting 3C Fed. Jury. Prac. & Instr. § 177.36 (5th ed. 2001)). Further, the person with knowledge must be "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf . . ." *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. at 277; *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 708 (E.D. Pa. 2007). The Court of Appeals for the Third Circuit has clarified that actual notice cannot be based upon a mere possibility. *Bostic v. Smyrna Sch. Dist.*, 418 F.3d at 361. The Seventh Circuit has found actual knowledge where there are risks of harassment "so great that they are almost certain to materialize if nothing is done . . . ." *Delgado v. Stegall*, 367 F.3d 668, 672 (7th Cir. 2004).

It should be noted that all of the above formulations look only to the sufficiency of the information imparted by the complainant. *See Dawn L. v. Greater Johnstown Sch. Dist.*, 586 F. Supp. 2d 332, 368 (W.D. Pa. 2008). There is no evidence in this instance that Jane Doe made any complaints regarding Roe, and/or his relationship or acquaintance with Doe from the time they met in ninth grade until the alleged assault.

To establish deliberate indifference, Plaintiffs must show that the School District made an official decision not to remedy the sexual harassment. See *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. at 290. The School District will be deemed deliberately indifferent to acts of student-on-student harassment only where its response to the harassment or lack thereof is "clearly unreasonable in light of the known circumstances." *Davis v. Monroe County Bd. of Educ*, 526 U.S. at 648-649.

Plaintiffs' allegations of deliberate indifference by the School District, relate to matters of action or inaction prior to Doe becoming an assault victim. They contend the School District acted with deliberate indifference to a "known, clear and continuing danger" that allowed Roe to remain in the student population despite his prior sexual assaults. Further, the School District allowed James Roe to leave the school building during periods of instruction without supervision, knowing he was involved in two prior incidents of sexual assault.

9

The Court finds the allegations of both actual notice and deliberate indifference to be extremely tenuous. Plaintiffs rely almost entirely on their contention that James Roe had been involved in prior sexual assaults, therefore, he created substantial risk and danger to the student community by his very presence. The allegations of deliberate indifference stem from the same conduct. The Court is reluctant to dismiss the Title IX claims at this point, however, and will allow development of the factual record. The motion to dismiss the Title IX claims against the School District will be denied at this time.

      D.    <u>Punitive Damages</u>

The Plaintiffs' prayer for punitive damages will be dismissed against the School District, but will remain against the Individual Defendants.

V.    CONCLUSION

Based on the foregoing, the Court finds that the Defendants' motion to dismiss will be granted with regard to the Title IX claims against the Individual Defendants and the punitive damage claim against the School District. In all other respects, the motion shall be denied. An appropriate order will follow.

                                          <u>s/ David Stewart Cercone</u>
                                          David Stewart Cercone
                                          United States District Judge

cc:    Mark C. Stopperich, Esquire
       Morasczyk, Stopperich & Associates
       Suite 102
       382 West Chestnut Street
       Washington, PA 15301

       David S. Bloom, Esquire
       Maiello Brungo & Maiello
       One Churchill Park
       3301 McGrady Road
       Pittsburgh, PA 15235